IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

    Plaintiff

v.                                                    Civil No. 4:25-cv- 282

APPROXIMATELY $1,530,118.64 SEIZED
FROM CHARLES SCHWAB ACCOUNT
NUMBER ENDING IN 0019 IN THE NAME
OF NEYO GLOBAL SERVICES LTD.

    Defendant
_____/

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff the United States brings this complaint and alleges upon information and belief as follows:

NATURE OF THE ACTION

1. This is a civil action in rem to forfeit to the United States of America, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), and Rule G(2), the following assets:

    a. Approximately $1,530,118.64 that was seized from Charles Schwab Account ending in 0019 in the name of Neyo Global Services Ltd.

1

(hereinafter "Defendant Funds"), on the grounds these funds are the proceeds of a wire fraud conspiracy, obtained in violation of 18 U.S.C. § 1349, a wire fraud offense, obtained in violation of 18 U.S.C. § 1343, and because the perpetrators of the fraud attempted to conceal the source, nature, and location of the wire fraud proceeds by moving the proceeds through numerous bank accounts, held in different names, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 1956(h). Thus, the Defendant Funds are subject to civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Funds because venue properly lies in the Northern District of Florida pursuant to 28 U.S.C. § 1355(b)(1)(A) because pertinent acts or omissions giving rise to the forfeiture occurred within the Northern District of Florida.

4. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1355(b)(1) because the acts and omissions giving rise to the forfeiture occurred in the Northern District of Florida.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of:

    a. Approximately $1,530,118.64 that was seized from Charles Schwab Account ending in 0019 in the name of Neyo Global Services Ltd.

The funds were seized by the Internal Revenue Service on or about April 4, 2025, pursuant to a federal seizure warrant.

6. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if it is in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7. The Court's authority to order civil forfeiture of property for violations of 18 U.S.C. § 1343 is found in 18 U.S.C. § 981(a)(1)(C), which authorizes the United States to civilly forfeit any property that constitutes or is derived from proceeds traceable to a "specified unlawful activity," as defined in 18 U.S.C.§ 1956(c)(7). "Specified unlawful activity," is defined in 18 U.S.C. § 1956(c)(7) to include offenses listed in 18 U.S.C. § 1961(1), which includes wire fraud in violation of 18 U.S.C. § 1343. 18 U.S.C. § 981(a)(1)(C) also authorizes civil forfeiture for a conspiracy to commit the previously defined specified unlawful offenses, thus including a wire fraud conspiracy pursuant to 18 U.S.C. § 1349.

8. The Court's authority to order civil forfeiture of property for violations of 18 U.S.C. §§ 1956 and 1956(h) is found in 18 U.S.C. § 981(a)(1)(A). Section 981(a)(1)(A) provides for the civil forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of § 1956.

9. The facts and circumstances supporting the seizure and forfeiture of the Defendant Funds are contained in Exhibit A, which is attached hereto and fully incorporated within this Complaint by reference.

10. As required by Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, they support a reasonable believe that the government will be able to show by a preponderance of the evidence that the Defendant Funds are proceeds of wire fraud offenses and property involved in a money laundering offenses, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

WHEREFORE, the United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds, that due notice be given to all interested parties to appear and show cause why the forfeiture should not be

decreed, that the Court decree the condemnation and forfeiture of the property to the United States for disposition according to law and that the United States be granted such other relief as the Court deems just and proper.

Respectfully submitted,

JOHN P. HEEKIN
United States Attorney

*/s/ Kaitlin Weiss*
KAITLIN WEISS
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 106130
111 North Adams Street, Fourth Floor
Tallahassee, FL 32301
(850) 942-8430
Kaitlin.Weiss@usdoj.gov

# VERIFICATION

I, Samuel Wyputa, hereby verify and declare under penalty of perjury, that I am a Special Agent with the Internal Revenue Service, and pursuant to 28 U.S.C. § 1746: (1) I have read the foregoing Verified Complaint for Forfeiture in Rem and know the contents thereof; and (2) that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the Internal Revenue Service, as well as my investigation of this case together with other law enforcement agents. I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of July, 2025.

                                           SAMUEL WYPUTA
                                           Special Agent
                                           Internal Revenue Service